UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>                 Plaintiff,<br><br>          v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAITON, et al.,<br><br>                 Defendants. | CASE NO. 1:16-cv-00671-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>**(ECF No. 6)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's June 6, 2016 motion for injunctive relief. (ECF No. 6.) The motion seeks to halt random drug tests Plaintiff views as retaliatory. The Court finds no basis for awarding the relief Plaintiff requests.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

The Court screened Plaintiff's complaint and concluded that, while Plaintiff's allegations of retaliatory drug tests state a viable claim, he had not properly linked that clam to any defendant. Plaintiff heretofore has failed to state a cognizable claim and there presently is no operative pleading in this matter. Thus, the Court cannot conclude that Plaintiff is likely to succeed on the merits of any claims or that he may seek injunctive relief against the named defendants.

Plaintiff also fails to suggest a real and immediate threat of irreparable injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). He fails to explain how he will be irreparably harmed by the continued drug testing.

Furthermore, the Court finds nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in preventing arbitrary and retaliatory conduct by prison officials, the record before the Court does not justify the Court substituting its judgment for that of correctional staff.

The relevant criteria not having been met, Plaintiff is not entitled to preliminary injunctive relief. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond

to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 15, 2017    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE