**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANTWOINE BEALER,** | **1:16-cv-00671-LJO-MJS** |
| **Plaintiff,** | **SCREENING ORDER DISMISSING IN PART PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 18) WITH LEAVE TO AMEND** |
| v. | |
| **SEC'Y of CALIFORNIA DEP'T OF CORRECTIONS, WARDEN OF KERN VALLEY STATE PRISON, and CORRECTIONAL OFFICER STINSON** | |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at Corcoran State Prison in Corcoran, California. Plaintiff brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against the Secretary of California Department of Corrections ("the Secretary"), the Warden of Kern Valley State Prison ("the Warden"), and Correctional Officer Stinson ("Officer Stinson"). On May 12, 2016, Plaintiff filed his complaint. Doc. 1. The Court dismissed the complaint with leave to amend on December 19, 2016. Doc. 15. On January 17, 2017, Plaintiff filed his first amended complaint ("FAC").[1] Doc. 18.

---

[1] On January 17, 2017, Plaintiff also filed a motion for extension of time to file his FAC. Doc. 17. For the purposes of § 1983 complaints filed pro se by prisoners, the date a document is provided by the prisoner to prison authorities for mailing is treated as the date of filing. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). While Plaintiff's filings do not specify when he provided prison officials with his FAC, Plaintiff signed his first amended complaint on January 10, 2017. Doc. 18 at 14. Other courts have treated the signing date of a pro se prisoner civil rights complaint as a "constructive filing date," *Valen v. Donatacci*, No. C11-5058, 2011 WL 3739052, * 3 (W.D. Wash. July 25, 2011), and the Court, mindful of its obligation to liberally construe pro se prisoner pleadings, will apply this principle here. Therefore, Plaintiff's motion for extension of time to file is MOOT as his FAC was timely filed.

1

## II. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a government entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The § 1915A screening standard "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a plaintiff is proceeding in forma pauperis but § 1915A does not apply, "the court 'shall dismiss the case at any time if the court determines' that the action 'is frivolous or malicious,' 'fails to state a claim on which relief may be granted,' or 'seeks monetary relief against a defendant who is immune from such relief.'" *Pierce v. San Francisco Exam'r*, No. 15-CV-06051-EMC, 2016 WL 2851649, at *1 (N.D. Cal. May 16, 2016) (quoting 28 U.S.C. § 1915(e)(2)). An inmate who has had three or more prior actions or appeals dismissed on one of these three bases, and has not alleged imminent danger of serious physical injury, does not qualify to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts are "not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.2d 1049, 1064 (9th Cir. 2008).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient

factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The mere possibility that a defendant acted unlawfully is not sufficient. *Id*.

### III. **PLAINTIFF'S ALLEGATIONS**

All facts are taken from Plaintiff's first amended complaint and assumed to be true only for the purpose of this screening. Plaintiff was incarcerated at Kern Valley State Prison at some point before he filed this complaint. Doc 18 at 5. On an unspecified date between January and May of 2014, Plaintiff was forced to take a drug test, which included urinalysis. *Id.* at 5-6, 13. Shortly before the drug test, Officer Stinson entered Plaintiff's cell and turned on the light while Plaintiff was on his bunk. *Id.* at 6. Plaintiff stood up from his bunk "ready to defend [himself]." *Id.* After a short conversation Officer Stinson took Plaintiff to the shower where he was searched. *Id*. Plaintiff was told to bend over and spread his buttocks. *Id*. Officer Stinson commented "I like that." *Id*. Officer Stinson told Plaintiff that he had received a "kite,"[2] stating that Plaintiff possessed drugs. *Id*. No drugs were found on Plaintiff or in his cell, and the drug test performed on a subsequent date was negative. *Id*. at 7. Plaintiff asserts that he has been subjected to fifty or more subsequent searches, though he does not provide any specific details about those searches. *Id*. at 11.

Plaintiff subsequently sought and exhausted the administrative remedies available to him. *Id*. at 3.[3] Plaintiff alleges that the "kite" on which Officer Stinson based his search was fabricated. *Id*. at 7. He alleges that the drug test performed between January and May of 2014 was ordered in retaliation for a lawsuit Plaintiff had previously filed. *Id*. at 6. Plaintiff alleges that he was illegally searched and urine illegally seized in violation of the Fourth Amendment and Plaintiff's right to privacy. *Id*. at 6-7. He contends that the actions taken by Kern Valley State Prison constituted cruel and unusual punishment in

---

[2] An anonymous tip sent to correctional officers, according to Plaintiff's amended complaint. *See* Doc. 18 at 11.

[3] On or around July 27, 2015, Plaintiff was transferred from Kern Valley State Prison to Corcoran State Prison Security Housing Unit, at which time the prison allegedly seized Plaintiff's copies of documents pertaining to his administrative remedies. Doc. 18 at 5.

3

violation of the Eighth Amendment. *Id*. at 6-7. He also alleges that he was deprived of his Fourteenth Amendment right to due process of law. *Id*. at 5. Finally, Plaintiff alleges that Kern Valley State Prison's random drug testing policy is unconstitutional. *Id*. at 6. Plaintiff seeks nominal, punitive, and compensatory damages. *Id*. at 14.

## IV. <u>ANALYSIS</u>

Plaintiff's complaint, liberally construed, alleges that his constitutional rights were violated by two separate but related actions. First, Plaintiff alleges that he was subjected to a drug test which was purported to be random but was in fact targeted retaliation for a lawsuit he had filed. Second, Plaintiff alleges that the search of his person and cell, which included a visual body cavity search, was prompted by a fabricated "kite" and not motivated by a legitimate penological interest.

**A.     Linkage**

Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute explicitly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 692-95 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief under § 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has not alleged any facts which link either the Secretary of the California Department of Corrections ("the

4

Secretary") or the Warden of Kern Valley State Prison ("the Warden") with a violation of his federal rights. The Court identified this deficiency in Plaintiff's initial complaint, and he has not cured it with his amended complaint.

The Warden and the Secretary are both supervisors, and Plaintiff asserts his claims against them under a theory of *respondeat superior*. Doc. 18 at 13-14. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*, and when a named defendant holds a supervisory position a causal link between him or her and the alleged misconduct must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants personally participated in the deprivation of federal rights, knew of the violations and failed to act to prevent them, or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)). To premise a supervisor's liability on a policy, a plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2010). For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006). A plaintiff must allege that the injury could have been avoided had proper policies been in place. *Id*.

Plaintiff has not alleged any facts indicating that either the Warden or the Secretary personally participated in the deprivation of any of his federal rights or knew of and failed to act to prevent any violations. Plaintiff alleges that "[t]he Warden of Kern Valley State Prison . . . is responsible for enforcing the procedures and policies pertaining to drugs." Doc. 18 at 13. He alleges that "[o]perational

5

plans, procedures and regulations have to be approved by the Secretary for implementation." *Id*. at 9. Plaintiff has not, however, adduced any facts indicating that the any drug testing or search policies, procedures, plans, or regulations existed which constituted "a repudiation of constitutional rights." As explained below, the "moving force of the constitutional violation" here is Officer Stinson's alleged harassment and retaliation directed toward Plaintiff. "A showing of constitutional wrong by a single police officer may support a claim against that officer" but a claim premised on a deficient policy "may proceed only with evidence that the officer acted under the . . . policy or custom" when committing the wrong. *Menotti v. City of Seattle*, 409 F.3d 1113, 1151 (9th Cir. 2005). Plaintiff has not alleged any facts plausibly supporting the existence of a policy which led to his alleged constitutional injury, and has therefore not stated any claim against either the Warden or the Secretary. Plaintiff's claims against the Warden and the Secretary are DISMISSED.

**B.     Fourth Amendment Claims**

   **1.     <u>Drug Testing</u>**

Compelled urinalysis is a search or seizure within the scope of the Fourth Amendment. *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 617 (1989). The Fourth Amendment prohibits unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). In correctional institutions, determining whether a search is reasonable requires "[b]alancing the significant and legitimate security interests of the institution against the privacy interests of the inmates." *Id*. at 560. However, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547.

While Plaintiff referred to his drug test as "random," his allegation indicate that he believes the test to have been in fact a non-random act of retaliation based on a "kite."[4] In *Thompson v. Souza*, the

---

[4] To the extent Plaintiff alleges that Kern Valley State Prison has an unconstitutional random drug test policy, he has not pled

6

Ninth Circuit held that, though drug testing of prisoners for the purpose of combatting the presence of illicit drugs is reasonably related to legitimate penological interests, such testing must be reasonable in place, justification, scope, and manner.  111 F.3d 694, 702 (9th Cir. 1997).  Testing which is performed for the purpose of harassment or retaliation is not reasonable.  *See id.* ("The requirement of random drug tests stems from a concern that correctional officials could harass particular inmates by subjecting them to repeated drug tests."); *see also Forbes v. Trigg*, 976 F.2d 308, 315 (7th Cir. 1992) (noting the danger that correctional officials could harass particular inmates by repeated drug testing); *Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir. 1986) ("[I]t is important to insure that when the state chooses to employ [random testing], the procedures for selecting the inmates to be tested are truly random.").  While the scope of the testing, which was limited to a single urinalysis, was reasonable, the Plaintiff has pled sufficient facts to support his claim that the justification was unreasonable.  Therefore, Plaintiff's Fourth Amendment claim that the drug testing was conducted by Officer Stinson for the purpose of harassment and retaliation is a viable claim.

### 2. <u>Visual Body Cavity Search</u>

The Fourth Amendment prohibits only unreasonable searches.  *Wolfish*, 441 U.S. at 558.  Courts regularly recognize the importance and difficulty of keeping detention facilities free from drugs, weapons, and other contraband.  *See*, *e.g.*, *id.*; *Way v. Cnty. Of Ventura*, 45 F.3d 1157, 1161 (9th Cir. 2006).  On the other hand, courts also recognize the "frightening and humiliating invasion" occasioned by a strip search "even when conducted with all due courtesy."  *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1143 (9th Cir. 2011) (internal quotation marks omitted).  While some strip or visual body cavity searches of prisoners may be reasonable, others can "be excessive, vindictive, harassing, or unrelated to any legitimate penological interest."  *Michenfelder v. Sumner*, 860 F.2d 328, 322 (9th Cir. 1988).  There is no *per se* rule; the validity of a search procedure "requires a balancing of the need for

---

sufficient facts to set forth a claim.  Plaintiff has not alleged any particular facts regarding the existence of a random drug test policy in California prisons, the provisions of such a policy, or how such a policy would be unconstitutional.

the particular search against the invasion of personal rights that the search entails." *Wolfish*, 441 U.S. at 559. The plaintiff "bears the burden of showing [prison officials] intentionally used exaggerated or excessive means to enforce security." *Thompson*, 111 F.3d at 700 (citing *Michenfelder*, 860 F.2d at 333). In *Thompson*, the Ninth Circuit found that a visual body cavity search conducted in full view of other inmates and intended to detect illicit drugs was reasonably related to a legitimate penological interest. *Thompson*, 111 F.3d 701.

Plaintiff's allegations, taken as true, meet his burden of stating a claim that his strip search was unreasonable in manner and justification. While the body cavity search conducted on Plaintiff was visual only, involved no touching, and was conducted out of the view of other inmates, Officer Stinson allegedly made comments which subjected Plaintiff to degrading treatment without any relationship to a legitimate penological objective. Moreover Plaintiff alleges that the purported "kite" informing prison staff that Plaintiff was in possession of contraband was manufactured pretext. Courts have found that suspicion of contraband is a valid reason to initiate a strip search. *Byrd*, 629 F.3d at 1143 (finding that the occurrence of fights and the suspicion of contraband were valid reasons to search 90 jail inmates). If the claimed suspicion is a pretext, and the true intention of the search is retaliation, however, the search is without a valid justification and is unreasonable. *See Houx v. Koll*, Case No. 15-17094, 2016 WL 6892554, at *1 (9th Cir. Nov. 23, 2016) (unpublished) (holding that allegations that the defendant "conducted an unclothed strip search without cause" set forth a claim). Therefore, his complaint being liberally construed, Plaintiff has stated a cognizable Fourth Amendment claim against Officer Stinson stemming from the strip search.

## C. Eighth Amendment Claim

In addition to his Fourth Amendment claims, Plaintiff alleges that the drug testing and search violated his Eighth Amendment rights. Two requirements must be met for a prison official to have violated the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the deprivation alleged must be sufficiently serious, that is, resulting in the denial of "the minimal civilized measure of

life's necessities." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the prison official must have the sufficiently culpable state of mind, which in prison conditions cases is deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834. The Eighth Amendment protects prisoners from searches conducted for "calculated harassment." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

A single search is not enough to establish the "obduracy and wantonness" required to support an Eighth Amendment violation. *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989). Plaintiff alleges that he has been subjected to more than fifty searches since the strip search performed by Officer Vinson. These allegations are vague and general and are not specific enough to support his Eighth Amendment claim. For example, there are no allegations suggesting that the searches were more than routine, were overly intrusive, or were in any way connected with the harassment and retaliation Plaintiff alleges. Therefore, Plaintiff's Eight Amendment claim is DISMISSED.

**D.     Fourteenth Amendment Claims**

Plaintiff has not set forth a valid Fourteenth Amendment claim. Specifically, Plaintiff has not alleged that any particular due process right protected by the Fourteenth Amendment was violated. The Due Process Clause protects prisoners from being deprived of liberty or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a protected liberty interest. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

Plaintiff has not pled any facts indicating that he has been subject to a deprivation of liberty apart

from the brief search of his person and the seizure of his urine for testing. He has not alleged that he was disciplined as a result of the search, for example. The bare statement that due process was not afforded to Plaintiff does not contain or reference sufficient facts to permit the Court to infer that Plaintiff was deprived of a protected liberty interest occurred. Moreover, as Plaintiff was not charged with any violation, he lacks standing to pursue his Fourteenth Amendment claim. *See Ashanti v. Whitfield*, 12 Fed. App'x 550, 551 (9th Cir. 2001) (unpublished). Therefore, Plaintiff has failed to set forth a cognizable Fourteenth Amendment due process claim. Since Plaintiff's Fourteenth Amendment claim has already been dismissed with leave to amend, and further amendment would be futile, Plaintiff's Fourteenth Amendment claim is DISMISSED without leave to amend.

## V. CONCLUSION AND ORDER

For the reasons stated, the Court DISMISSES Plaintiff's Fourteenth Amendment claim without leave to amend. The Court DISMISSES Plaintiff's claims against the Warden and the Secretary and his claim for Eight Amendment violation with leave to amend. Plaintiff will be given an opportunity to amend his complaint to cure the deficiencies in his claims against the Warden and the Secretary and for Eighth Amendment violations, to the extent that he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Any amended complaint shall be filed within thirty days of this order.

Alternately, Plaintiff may elect to proceed only with his Fourth Amendment claims against Officer Stinson. If he elects to do so, within 30 days Plaintiff must notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the cognizable Fourth Amendment claims against Officer Stinson.

If Plaintiff elects to amend his complaint, he may not change the nature of this suit by alleging new, unrelated claims. *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Plaintiff's amended complaint should be brief, Fed. R. Civ. P.

8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. at 677. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each named defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Thus, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. Local Rule 220.

<u>If Plaintiff fails to comply with this Order, this case will be dismissed with prejudice for failure to obey a court order and failure to prosecute.</u>  The Court also cautions Plaintiff that failure to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110. This will be Plaintiff's last opportunity to plead a proper case. He will not again be given leave to amend.

IT IS SO ORDERED.

    Dated: **April 21, 2017**                              **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES CHIEF DISTRICT JUDGE