UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAITON, et al.,<br><br>    Defendants. | CASE NO. 1:16-cv-00671-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER**<br><br>**(ECF No. 24)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's May 3, 2017 motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b).

**I.    Procedural History**

On June 6, 2016, Plaintiff filed a motion for injunctive relief, seeking to halt random drug tests that Plaintiff views as retaliatory. (ECF No. 6.) On January 17, 2017, the assigned Magistrate Judge issued findings and a recommendation to deny the motion on several grounds. (ECF No. 16.) First, as Plaintiff's complaint had at that time

been dismissed with leave to amend for failure to state a claim (ECF No. 15), there was no operative pleading. The Magistrate Judge therefore could not conclude that Plaintiff was likely to succeed on the merits of his claims. Additionally, Plaintiff had failed to suggest a threat of irreparable injury.

Plaintiff sought and received an extension of time to file objections to the findings and recommendations. (ECF Nos. 17, 20.) However, no objections were filed during the relevant period and, on March 17, 2017, the undersigned adopted the findings and recommendations in full. (ECF No. 21.)

Subsequently, on April 24, 2017, the undersigned screened Plaintiff's first amended complaint and concluded that it stated cognizable Fourth Amendment claims against Officer Stinson but no other cognizable claims. Plaintiff was ordered to file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (ECF No. 24.) On May 5, 2017, Plaintiff filed a motion for an extension of time, stating his intent to file an amended complaint and seeking additional time to do so. (ECF No. 25.) The motion is pending and Plaintiff's second amended complaint has not been filed.

**II.     Plaintiff's Motion**

In his motion for relief, Plaintiff states that he timely submitted objections to the findings and recommendations but they were returned to him. (ECF No. 24.) He asks the Court to consider his objections. He points out that he has submitted an amended complaint since the findings and recommendation issued. He states that his amended complaint is sufficient for the Court to determine that he is likely to succeed on the merits. With regard to the requirement that he face a threat of immediate and irreparable injury, he states that he has been drug tested more than one hundred times over the course of thirteen years with negative results. He contends that he will continue to be subjected to such harasasment and retaliation absent preliminary injunctive relief.

### III. Legal Standard

Plaintiff states that his motion is brought pursuant to Rule 60(b). Rule 60(b) allows the Court to relieve a party from a final judgment or order on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

To the extent the request is construed as a motion for reconsideration, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

**IV. Discussion**

Plaintiff fails to present any basis for reconsideration of the Court's ruling. He is not entitled to preliminary injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

Here, the Court has concluded that Plaintiff states a viable Fourth Amendment claim against Officer Stinson, an officer at Kern Valley State Prison. (ECF No. 22.) However, Plaintiff is now housed at High Desert State Prison. Absent facts to suggest that Plaintiff will be transferred back to the custody of Defendant Stinson, any requests for injunctive relief against him appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

To the extent Plaintiff asks the Court to intervene in drug testing at his current institution, no individuals at that institution are named as defendants, nor has he stated cognizable claims against anyone able to afford such relief. The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

///

///

4

**V.     Conclusion and Order**

For the reasons stated, Plaintiff is not entitled to preliminary injunctive relief as requested in his motion. His motion for relief from judgment or order is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **May 18, 2017**                         /s/ Lawrence J. O'Neill
                                               UNITED STATES CHIEF DISTRICT JUDGE