# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTWOINE BEALER,** | **1:16-cv-00671-LJO-MJS** |
| **Plaintiff,** | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60 (Doc. 29)** |
| **v.** | |
| **SEC'Y of CALIFORNIA DEP'T OF CORRECTIONS, WARDEN OF KERN VALLEY STATE PRISON, and CORRECTIONAL OFFICER STINSON** | |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at Corcoran State Prison in Corcoran, California. Plaintiff brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the Secretary of California Department of Corrections ("the Secretary"), the Warden of Kern Valley State Prison ("the Warden"), and Correctional Officer Stinson ("Officer Stinson"). On May 12, 2016, Plaintiff filed his complaint. Doc. 1. The Court screened the complaint pursuant to 28 U.S.C. § 1915A(a), and dismissed the complaint with leave to amend on December 19, 2016. Doc. 15. On January 17, 2017, Plaintiff filed a first amended complaint ("FAC"). Doc. 18. On April 24, 2017, the Court dismissed Plaintiff's FAC. Doc. 22. On May 22, 2017, Plaintiff filed the instant motion for relief from the dismissal of his FAC under Federal Rule of Civil Procedure ("Rule") 60. Doc. 29. For the following reasons, Plaintiff's motion for relief is DENIED.

## II. BACKGROUND

The Court's screening order dismissed Plaintiff's claims against the Warden and the Secretary, and his claims against all Defendants under the Eighth and Fourteenth Amendments because his complaint failed to state claims. Doc. 22 at 10. The Court dismissed without leave to amend Plaintiff's Fourteenth Amendment claims, but granted leave to amend claims against the Warden and the Secretary, and claims under the Eighth Amendment. *Id*. The Court did not dismiss Plaintiff's Fourth Amendment claim against Officer Stinson, and notified Plaintiff that he could elect to proceed on that claim alone. *Id*.

## III. ANALYSIS

Plaintiff seeks relief under Rule 60 from the Court's screening order dismissing his complaint. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control." *Id*. (internal quotation marks and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

The Court dismissed with leave to amend Plaintiff's claims against the Warden and the Secretary, and under the Eighth Amendment. Doc. 22 at 10. The dismissal with leave to amend of a complaint or claim from a complaint is not a final judgment, order, or proceeding. *Jung v. K. & D. Min. Co.*, 356 U.S. 335, 336-37 (1958); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997). Since Plaintiff's claims were dismissed with leave to amend, the dismissal does not come within the

1    ambit of Rule 60(b), which pertains only to final judgments. Therefore, Rule 60(b) does not apply.

2    Moreover, Plaintiff has filed a second amended complaint asserting similar claims against the same

3    parties as the FAC. *See* Doc. 32 at 5-7. Therefore, even if Rule 60 applies, Plaintiff's motion is

4    technically moot as to the Eighth Amendment claims and the claims against the Secretary and the

5    Warden.

6         The Court denied Plaintiff leave to amend as to the Fourteenth Amendment claims because the

7    Court determined that further amendment would be futile. *Id*. While the Court did not direct entry of

8    final judgment as to that claim, and the dismissal "may be revised at any time before the entry of a

9    judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b),

10   rendering Rule 60(b) technically inapplicable, the Court will address Plaintiff's arguments as a motion

11   for reconsideration in accordance with the obligation to liberally construe pleadings filed by pro se

12   prisoners and afford the petitioner the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

13   2010).

14        The Court dismissed Plaintiff's Fourteenth Amendment claims because he failed to plead facts

15   which indicated that he had been deprived of a protected liberty interest without due process in the brief

16   seizure of his person and of his urine for drug testing while in prison. Doc. 22 at 9-10. Plaintiff did not

17   allege that he was charged with any violation as a result of the search and testing. *Id*. at 10. Plaintiff now

18   argues that the Court erred in dismissing the claims because he was deprived of his Fourth Amendment

19   right to be free of unreasonable searches and seizures when Officer Stinson conducted a search and

20   urinalysis based on an anonymous "kite." Doc. 29 at 5-6. As mentioned, his Fourth Amendment claim

21   has not been dismissed. Plaintiff also asserts that the search violated his due process rights because there

22   was no inquiry into the reliability of the kite. *Id*. at 5. Plaintiff concedes that "[i]t is understandable that

23   someone is not going to be given [a 30, 60, or 180] day review to submit evidence to show that an [*sic*]

24   search of their property and body should not be conducted." Doc. 29 at 5.

25        The Fourteenth Amendment Due Process Clause protects both substantive rights and procedural

3

1   fairness. *See Zinermon v. Burch*, 494 U.S. 113, 125-28 (1990). Plaintiff has not provided any basis on

2   which to substantiate his claim that he was entitled to the procedural right to contest the kite before

3   Officer Stinson's search. Moreover, such a procedural right would be prejudicial to the management of a

4   prison. Allowing a prisoner to challenge an anonymous tip before a search would be incompatible with a

5   prison administrator's "obligation to take reasonable measures to guarantee the safety of the inmates" by

6   preventing the introduction and possession of contraband. *Hudson v. Palmer*, 468 U.S. 517, 526-27

7   (1984). "Unfettered access to [] cells by prison officials . . . is imperative if drugs and contraband are to

8   be ferreted out and sanitary surroundings are to be maintained." *Id*. at 527; *see Zinermon*, 494 U.S. at

9   132 ("[W]here a predeprivation hearing is unduly burdensome in proportion to the liberty interest at

10   stake, . . . postdeprivation remedies might satisfy due process."). While "prisoners do not shed all

11   constitutional rights at the prison gate," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), they do not have a

12   due process right to challenge searches of their cells or persons before they occur. Process of the sort

13   Plaintiff appears to contemplate would undermine the ability of correctional officers to seek out and

14   confiscate dangerous substances in prisons, since it would necessarily create an opportunity for prisoners

15   to dispose of or relocate contraband. Plaintiff's remedy against an unreasonable search or seizure is to

16   challenge the action after the fact. He has done so and that claim survives. Plaintiff has not alleged that

17   he has been deprived of any postdeprivation procedural right. Accordingly, Plaintiff has not set forth any

18   basis on which to reconsider the Court's prior finding.

19        To the extent that Plaintiff is alleging a deprivation of substantive due process rather than

20   procedural due process, he has also failed to state a claim. A substantive due process violation can be

21   shown if a plaintiff can "prove that a challenged government action was clearly arbitrary and

22   unreasonable, having no substantial relation to the public health, safety, morals or general welfare."

23   *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (internal quotation marks omitted). But "[w]here a

24   particular Amendment provides an explicit textual source of constitutional protection against a particular

25   sort of government behavior, that Amendment, not the more generalized notion of substantive due

process, must be the guide for analyzing [the] claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted). Here, the right to be free from unreasonable searches and seizures is guaranteed by the Fourth Amendment, and it is under that Amendment rather than the Fourteenth Amendment that his alleged deprivation must be analyzed. Therefore, Plaintiff has not provided any basis for the Court to reconsider its determination that Plaintiff failed to allege any Fourteenth Amendment procedural or substantive due process claim.

## IV. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, Plaintiff's motion for relief under Rule 60 is DENIED.

IT IS SO ORDERED.

Dated:   **July 14, 2017**                           **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE