**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTWOINE BEALER, | 1:16-cv-00671-LJO-MJS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60 (Doc. 39) |
| v. | |
| CORRECTIONAL OFFICER STINSON | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at Corcoran State Prison in Corcoran, California. Plaintiff brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the Secretary of the California Department of Corrections ("the Secretary"), the Warden of Kern Valley State Prison ("the Warden"), and Correctional Officer Stinson ("Officer Stinson"). On May 12, 2016, Plaintiff filed a complaint. Doc. 1. The Court screened the complaint pursuant to 28 U.S.C. § 1915A(a), and dismissed the complaint with leave to amend on December 19, 2016. Doc. 15. On January 17, 2017, Plaintiff filed a first amended complaint ("FAC"). Doc. 18. On April 24, 2017, the Court dismissed Plaintiff's FAC with leave to amend. Doc. 22. Plaintiff filed a second amended complaint ("2AC") on June 22, 2017, which the Court screened and approved for service against Officer Stinson only. Docs. 32, 35. Plaintiff appealed the Court's screening order to the Ninth Circuit, and Plaintiff's appeal was dismissed on August 15, 2017. Docs. 36, 40. On August 14, 2017, Plaintiff filed the instant motion for reconsideration. Doc. 39. For the following reasons, Plaintiff's motion for is DENIED.

## II. **BACKGROUND**

The Court's screening order dismissed Plaintiff's claims against the Warden and the Secretary, and his claims against all Defendants under the Eighth and Fourteenth Amendments because his complaint failed to state claims. Doc. 22 at 10. The Court dismissed Plaintiff's Fourteenth Amendment claims without leave to amend, but granted leave to amend his claims against the Warden and the Secretary, and his claims under the Eighth Amendment. *Id*. The Court did not dismiss Plaintiff's Fourth Amendment claim against Officer Stinson, and notified Plaintiff that he could elect to proceed on that claim alone. *Id*.

## III. **ANALYSIS**

Plaintiff seeks relief from the Court's screening order dismissing his complaint under Federal Rule of Civil Procedure ("Rule") 60. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control." *Id*. (internal quotation marks and citation omitted).

An order may be altered or amended by a motion made under Rule 59(e).[1] Reconsideration under Rule 59(e) is generally available if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

---

[1] While Plaintiff's motion was made under Rule 60 alone, the Court will also consider the motion as one for reconsideration under Rule 59(e), in accordance with its obligation to liberally construe pleadings filed by pro se prisoners and afford the petitioner the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2

change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

The Court screened Plaintiff's claims against the Secretary of the California Department of Corrections and the Warden of Kern Valley State Prison because Plaintiff failed to allege facts linking the aforementioned individuals to any constitutional violation. Doc. 35 at 5-6. The Court denied leave to amend the claim because Plaintiff had been given several opportunities to amend his complaint and still failed to state a cognizable claim against those individuals. *Id*. at 9-10. Plaintiff now argues that he did allege sufficient facts to establish the requisite linkage, but does not explain how he believes the Court erred. Doc. 39 at 1. A party's mere disagreement with the Court's order does not meet the high standard for Rule 60 relief. *See United States v. Westlands Water Dist.*, 134 F. Supp. 3d 1111, 1131 (E.D. Cal. 2001). As Plaintiff has not offered any newly discovered evidence, shown that the prior decision was clear error or manifestly unjust, or pointed to an intervening change in controlling law, he is not entitled to reconsideration under Rule 59(e). Similarly, Plaintiff has not shown that the order was due to mistake, inadvertence, surprise, or neglect, that there is newly discovered evidence, or that there is any other reason justifying Rule 60 relief.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **January 4, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3