UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>v.<br><br>STINSON, et al.,<br><br>    Defendants. | Case No. 1:16-cv-0671-LJO-MJS (PC)<br><br>**ORDER RELIEVING PLAINTIFF OF REQUIREMENT TO SUBMIT CDCR FORM 602 DOCUMENTATION**<br><br>(ECF No. 35) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's claim against Officer Stinson for asserted violation of Plaintiff's Fourth Amendment rights. (ECF No. 35.)

The Court's screening order required Plaintiff to submit to the Court, "All CDCR Form 602 documentation submitted in relation to this case." (Id. at 10.) Plaintiff has attempted to secure and provide the Court this information but has been unsuccessful. (See ECF Nos. 48, 50, 51.)

Plaintiff need not provide the Court information regarding the exhaustion of grievances until the issue is raised by Defendant Stinson. It is the Defendant's burden to prove that Plaintiff has not exhausted his administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007) (noting that "inmates are not required to specially plead or

demonstrate exhaustion in their complaints.") The PLRA's exhaustion requirement is not jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id.

Therefore, unless and until Defendant raises the defense, there usually is no reason for the Court to address it and, absent same, there is no need for Plaintiff to provide the Court documentation in relation to this issue at this time.

Accordingly, Plaintiff's is HEREBY RELIEVED of his pending obligation per this Court's screening order (ECF No. 35) to provide the Court CDCR 602 documentation.

IT IS SO ORDERED.

Dated: February 20, 2018           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE