UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER STINSON,<br><br>    Defendant. | Case No. 1:16-cv-00671-LJO-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT<br>  (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED IN FULL<br>  (2) ALL OTHER PENDING MOTIONS BE DENIED AS MOOT<br>  (3) THIS CASE BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 75 |

Plaintiff Antwoine Bealer is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 7, 2018, the magistrate judge filed findings and recommendations to grant defendant's motion for summary judgment on the ground that plaintiff did not exhaust his administrative remedies. ECF No. 75. Plaintiff filed objections to the findings and recommendations on January 24, 2019. ECF No. 79.

In his objections, plaintiff makes four primary arguments. First, he argues that "the court abused its authority in finding that administrative remedies were not sought." ECF No. 79 at 1.

Second, he argues that dismissal of certain defendants at the screening stage was improper. *Id.* Third, he argues that "the court did not . . . explain how the drug testing program was utilized to[] reduce my drug use, hold me accountable for any actions pertaining to drugs, provide[] an opportunity for recover from drug addiction[,] or[] increase institutional security and public safety." *Id.* at 2. Fourth, he argues that "the 602 administrative process has no [bearing] in a[] motion for summary judgment." *Id.* at 4.

Plaintiff's arguments lack merit. First, the magistrate judge did not find that "administrative remedies were not sought." ECF No. 79 at 1. Instead, the magistrate found that plaintiff filed a grievance, but by failing to mention defendant Stinson or sexual harassment, the grievance did not exhaust his claim. ECF No. 75 at 9-10. Second, the screening order is not before the court, so any objections to it are irrelevant. Third, the magistrate judge was under no obligation to opine on the utility of CDCR's drug testing program. Fourth, contrary to plaintiff's assertions, the 602-administrative grievance process does bear on the instant motion for summary judgment, because the basis for defendant's motion is failure to exhaust administrative remedies.

Finally, plaintiff attaches a new 602 grievance that was not included in the summary judgment record. ECF No. 79 at 8-11. Unlike his previous grievance, the new grievance specifically describes the alleged sexual misconduct by Stinson. While this grievance may exhaust his administrative remedies for a subsequent lawsuit, it cannot exhaust his remedies for the instant lawsuit because exhaustion must occur prior to filing. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." (emphasis added)). There is no evidence to suggest that plaintiff has submitted this new grievance through the third level of review.

In conclusion, the court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that:

1. the findings and recommendations filed December 7, 2018, ECF No. 75, are adopted in full;
2. the defendant's April 2, 2018, motion for summary judgment, ECF No. 59, is granted;
3. all other pending motions, ECF Nos. 60, 65, 68, 69, 73, and 74, are denied as moot; and
4. this case is dismissed without prejudice.

IT IS SO ORDERED.

Dated: __**January 28, 2019**__  __/s/ Lawrence J. O'Neill__
UNITED STATES CHIEF DISTRICT JUDGE